[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought in the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Christie A. Urban and the defendant were married on September 9, 1995, in Naugatuck, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children issue of this marriage Sarah Renaud, born May 5, 1994 and Alice'n Renaud, born January 22, 1998. No other minor children have been born to the plaintiff wife since the date of the marriage of the parties. Neither party has received state assistance. The court further finds that it has jurisdiction over the two minor children under the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act.
The plaintiff was born on December 19, 1971.
The cost for the plaintiff to continue health coverage under the CT Page 13122 defendant's insurance is $195.00 per month for the Core Plus coverage.
The plaintiff owns a 1990 Ford Taurus with a fair market value of $2,500.00 and no loan balance. When the Ford Taurus was originally purchased the defendant's father loaned the defendant $4,000.00 toward the purchase of the vehicle. When the plaintiff and defendant separated, the defendant repaid his father the $4,000.00. The plaintiff has a total of $170.00 in bank accounts. The parties entered into a stipulation dated October 23, 2000, captioned "Motion for Contempt" that provided as follows:
 1. Defendant agrees to pay plaintiff the sum of $400.00 by Friday, October 27, 2000, in full settlement of all outstanding past child support, unreimbursed medical and daycare for the minor children to date.
 2. Defendant and plaintiff shall each be responsible for the payment on a 50%/50% basis of all unreimbursed medical expenses of the minor children after the plaintiff pays the first $100 per year, per child.
 3. The parties agree to share on an equal basis the cost of unreimbursed day care for the minor children while the plaintiff is working. Plaintiff shall offer defendant and/or his family members the opportunity to provide daycare at other times other than during plaintiff's work schedule to reduce the cost of additional day care.
The cash surrender value on her life insurance policy is $82.36. She has liabilities totaling $8,904.57. On October 21, 1999 her total liabilities amounted to $5,650.00.
The plaintiff presently is employed part time and grosses $261.00 weekly. The reason she is working part time is to accommodate the school schedule of the children. The court finds under the provision of §46b-82 that it is desirable for the plaintiff to continue to only work part time.
The defendant was born on April 5, 1968.
The defendant presently resides with his parents and pays them $150.00 monthly room and board. He has not made any payments to date for the month of October 2000.
The defendant has a Connecticut Laborer's annuity fund with a current CT Page 13123 value of $13,308.49 and a Connecticut Laborer's pension fund with a present value of $3,522.37. He has been in that union since 1989.
The defendant owns tools with a value of $900.00 and owns a 1985 Dodge pickup with a value of $2,000.00.
The defendant has between $2,000.00 to $2,200.00 in cash.
The defendant has a Union Plus Master Card liability with a balance of approximately $2,500.00.
The defendant had a balance in his Webster Bank account of $8,220.83 on August 23, 1999. On August 28, 1999, he withdrew $7,000.00 and from the $7,000.00 he paid his father in full the $4,000.00 loaned for the purchase of the Taurus. of the remaining $3,000.00 he used $2,500.00 to pay to an attorney regarding the pending dissolution matter and $300.00 to pay an attorney for an application for relief from abuse filed by the plaintiff against him.
There is an existing restraining order obtained by the plaintiff against the defendant that provides for no contact by the defendant to the plaintiff. The parties entered into a stipulation on October 23, 2000, captioned "Temporary Restraining Order" that provides as follows:
 The ex parte restraining order entered on September 27, 2000, shall be allowed to expire.
 Defendant specifically agrees that for the next six months he:
A. Will not contact the plaintiff in any manner*;
 B. Will not go to the Home Depot store in Waterbury, CT (Plaintiff's place of employment) nor the parking lot of the Home Depot for any reason.
 C. Will not go to the plaintiff's residence at 698 Burton Road, Beacon Falls, Connecticut.
 Visitation of the minor children by the defendant every other weekend as follows:
 Sarah Renaud: Defendant shall pick up Sarah at United Day Care in Beacon Falls, CT by 5:30 p.m. on Friday of his visitation. Defendant shall drop Sarah off at Light House Church, Church Street, CT Page 13124 Naugatuck, CT on Sunday at 12:30 p.m. by escorting Sarah inside lobby of the church.
 Alice'n Renaud: Defendant shall pick up Alice'n at the residence of Julie Fitzpatrick located at 502 Burton Road, Beacon Falls, CT at 5:15 p.m. on Friday of his visitation (until January 23, 2001, when defendant shall pick up Alice'n at United Day Care, Beacon Falls, CT).
 Defendant shall drop Alice'n off at Light House Church, Church Street, Naugatuck, CT on Sunday at 12:30 p.m. by escorting Alice'n inside the lobby of the church.
 Visitation shall begin on this Friday, October 27, 2000 and every other weekend thereafter.
 With the exception of defendant mailing to plaintiff child support payments and payments for unreimbursed medical and Day Care expenses.
The parties are in dispute as to whether on one occasion when the plaintiff went to the residence of the defendant at his parents' home, whether he threatened to commit suicide. The court finds that no such threat was made by the defendant.
Under the child support guidelines, the plaintiff's net weekly income is $180 and the defendant's net weekly income is $598 for a combined net weekly income rounded to the nearest $10 of $780. The defendant's employment provides him with health insurance benefits and life insurance benefits at no additional cost other than for his payment of the required union dues. He has mandatory union dues of $23.00 monthly, together with an additional mandatory dues of $18.00 weekly. The recommended child support for the defendant is $202 weekly.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions § 46b-81(c) regarding the issue of property orders, and has considered the provisions of § 46b-84 and the child support guidelines regarding the issue of support, and has considered the provisions of § 46b-56 regarding the issue of custody and visitation, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
CT Page 13125
A. By Way of Dissolution of Marriage
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By Way of Alimony
1. The defendant is to pay to the plaintiff alimony in the sum of $75.00 per week. Alimony is to terminate upon the earliest of the following events: a. the death of the plaintiff; b. the death of the defendant; c. the remarriage of the plaintiff; d. September 1, 2004. The youngest child will enter first grade on or about that date and the plaintiff will then be eligible to obtain full time employment and will therefore have less of a need for alimony. The term of alimony may not be extended.
2. In the event the plaintiff elects COBRA coverage under the defendant's health insurance then the defendant is to pay for one-half (1/2) of the cost of such coverage for the maximum period allowed by law for such coverage.
3. The provisions of § 46b-86(a) and § 46b-86(b) are applicable.
C. By Way of Custody and Visitation
1. The court awards sole custody of the minor children to the plaintiff.
2. The visitation agreed to between the parties on October 23, 2000 under the agreement caption "Temporary Restraining Order" is found by the court to be in the best interest of the children and is therefore incorporated by reference into these orders.
3. The court finds that paragraphs 1.4 and 1.6 of the plaintiff's proposed orders dated October 6, 2000, are in the best interest of the children and therefore incorporates those proposed orders by reference into the judgment file.
D. By Way of Support and Arrearage
1. The defendant is to provide health insurance for the benefit of the minor children as is available through his place of employment. He is to pay to the plaintiff support in the amount of $202 per week. Under the child support guidelines the defendant would be responsible for 51% of CT Page 13126 unreimbursed medical and qualifying day care costs. The court finds that the guidelines are inappropriate and inequitable based on the best interest of the children and other equitable factors and therefore approves of the division of unreimbursed medical and unreimbursed day care for the children as provided for in the stipulation between the parties dated October 23, 2000, captioned "Motion for Contempt". The court incorporates all of the provisions of that Motion for Contempt into the judgment file including the arrearage agreement.
2. The defendant has the right to claim both minor children as exemptions for federal and state income tax purposes for each calendar year in which he is current in his support and/or alimony obligations at the end of such calendar year.
3. The defendant is to continue to maintain the $10,000 life insurance that he has through the Connecticut Laborer's that is available to him at no cost to him for so long as he is a member of the union. He is to maintain that life insurance for the benefit of both children for so long as he has a support obligation for such child. When there is no longer a support obligation for the oldest child the policy is to continue in effect solely for the benefit of the youngest child. The defendant is to provide to the plaintiff on January 15, 2001, and on the 15th day of January annually thereafter, proof of the existence of said policy and the name of the beneficiary. Should the defendant die and said policy not be in effect when it is supposed to be in effect then there shall be a lien against his estate for the face value of said policy. The defendant shall not reduce the current face value of said policy.
E. By Way of Property Orders
1. The plaintiff is to pay all the liabilities shown on her financial affidavit and hold the defendant harmless. The defendant is to pay the liability shown on his financial affidavit and hold the plaintiff harmless.
2. The 1990 Ford Taurus is awarded to the plaintiff. The defendant is to execute all necessary documents to transfer title to the plaintiff by November 30, 2000.
3. The bank accounts shown on the plaintiff's financial affidavit are all awarded to the plaintiff.
4. The 1985 Dodge pickup is awarded to the defendant. The plaintiff shall execute all necessary documents to transfer title to the defendant by November 30, 2000. CT Page 13127
5. The bank account shown on the defendant's financial affidavit is awarded to the defendant.
6. The court awards to the plaintiff one-half of the defendant's Connecticut Laborer's annuity fund and one-half of the defendant's Connecticut Laborer's pension fund by QDRO. Counsel for the plaintiff is responsible for preparing the necessary documents. The court retains jurisdiction over a dispute that may arise regarding those documents.
7. All personal property and household furniture and furnishings in possession of the plaintiff are awarded to the plaintiff. All personal property and household furnishings in possession of the defendant are awarded to the defendant.
8. The two Gerber life insurance policies that were taken out on the children are awarded to the plaintiff. She is solely responsible for paying the premiums of such policies in the event she elects to continue those policies.
9. The defendant is to pay to the plaintiff the sum of $2000. as a lump sum property distribution; $1000 is to be paid by November 30, 2000, and the remaining $1000 by January 5, 2001. Interest on the unpaid amount is to run at the rate of 8% per annum in the event either or both payments are not made timely.
F. By Way of Attorney's Fees
1. No attorney's fees are awarded in favor of either party.
G. Miscellaneous Orders
1. The parties are to exchange copies of their federal and state income tax returns within 30 days after such returns have been filed for so long as there is an outstanding support order or outstanding alimony order or any outstanding support or alimony arrearages.
2. All pendente lite orders remain in effect until the date this decision is filed. Any arrearages are not merged into the judgment file.
3. An immediate wage execution is authorized.
Axelrod, J.